UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS,

        Plaintiff,              CIVIL ACTION NO. 13-cv-14164

    v.                            DISTRICT JUDGE SEAN F. COX

CHERYL FLANAGAN and        MAGISTRATE JUDGE MONA K. MAJZOUB
DONALD E. TRAMMELL,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Charles Fields, currently a prisoner at the Central Michigan Correctional Facility located in St. Louis, Michigan, filed this *pro se* civil rights action on September 30, 2013, pursuant to 42 U.S.C. § 1983. (Docket no. 1.) This matter comes before the Court on Defendants Cheryl Flanagan and Donald Trammell's Motion for Summary Judgment, filed on February 27, 2015. (Docket no. 23.) Plaintiff responded to Defendants' Motion (docket no. 25), and Defendants replied to Plaintiff's Response (docket no. 26).[1] This action has been referred to the undersigned for all pretrial purposes. (Docket no. 6.) The Court dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Defendants assert that Plaintiff's Response should be disregarded because he filed it two and a half months after the response deadline. (Docket no. 26.) Plaintiff, however, was transferred two times, in late February and early March 2015, which seemingly caused trouble with Plaintiff's receipt of mail sent to his previous addresses. (*See* docket no. 24.) Thus, the Court will, in its discretion, consider Plaintiff's Response for purposes of this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion for Summary Judgment (docket no. 23) be **DENIED** with regard to Defendant Trammell and **GRANTED** with regard to Defendant Flanagan.

**II.    REPORT**

   **A.     Background**

The events giving rise to Plaintiff's Complaint occurred while he was incarcerated at the Ryan Correctional Facility (RRF) in Detroit, Michigan. (Docket no. 23 at 8; docket no. 25 at 4.) The named Defendants are Donald Trammell, who was employed as an Assistant Resident Unit Supervisor (ARUS) during the relevant time period, and Accounting Technician Cheryl Flanagan, whose primary job duty is to process financial transactions at the prison facility, including those related to prisoner funds. (Docket no. 1 ¶ 2; docket no. 23-3 at 4-5.) Plaintiff is suing Defendants Trammell and Flanagan in their personal capacities. (Docket no. 1 ¶ 2.)

With regard to Defendant Trammell, Plaintiff alleges that despite Plaintiff's lack of sufficient funds, Defendant Trammell denied Plaintiff's request to be loaned funds for first-class postage so that Plaintiff could send a grievance to another prison. (*Id*. ¶ 4.) Plaintiff asserts that he informed Defendant Trammell that he planned to file a grievance regarding the matter. Allegedly, Defendant Trammell responded that filing grievances would make things difficult for Plaintiff at RRF. Plaintiff filed the grievance anyway, on January 18, 2011. (Docket no. 23-2.) Plaintiff alleges that Defendant Trammell then denied Plaintiff's requests for personal hygiene items like soap, toothpaste, toothbrushes, and deodorant for the next five months, from February 2011 through June 2011, even though Plaintiff was not allowed to purchase them. Plaintiff claims that at first, in response to Plaintiff's requests, Defendant Trammell advised Plaintiff to

2

request indigent status. After Plaintiff was allegedly unable to qualify for indigent status, Defendant Trammell allegedly denied Plaintiff's requests with the response that personal hygiene items are not provided to inmates who choose to spend their funds on legal postage and photocopies instead of personal hygiene items. Plaintiff claims that Defendant Trammell denied Plaintiff's requests for personal hygiene items as retaliation for Plaintiff filing the grievance, in violation of Plaintiff's First Amendment rights.[2] (Docket no. 1 ¶¶ 4, 5.)

With regard to Defendant Flanagan, Plaintiff alleges that she prevented Plaintiff from purchasing personal hygiene items over a five month period, purportedly from February 2011 through June 2011, by:

> instituting a practice and custom of as long as inmate Fields is continually accruing institutional debt through the legal mail loan process in his effort of fighting his criminal case, he will not be allowed to purchase personal hygiene items during the months for personal use because the $10 per policy that should be left where he can purchase personal hygiene items shall also be used to satisfy his institutional debt.

(Docket no. 1 ¶ 4.) Plaintiff alleges that during each of those months, after funds were removed from his account to satisfy his institutional debt, he had ten dollars left with which to purchase personal hygiene items. Plaintiff further alleges, however, that his subsequent attempts to purchase personal hygiene items from the prison store would be denied due to insufficient funds. According to Plaintiff, he was not allowed to purchase personal hygiene items during those months with the allotted ten dollars because it would be withdrawn from his account to satisfy his institutional debts before he could use it at the store.

---

[2] In his Response to Defendants' Motion, Plaintiff purportedly raises a second retaliation claim related to the denial of funds for postage and an access to the courts claim against Defendant Trammell. (Docket no. 25.) The Court will not address these claims, as it is improper to raise new claims in a response to a dispositive motion.

**B.** **Governing Law**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 23.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.** **Analysis**

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendants were persons acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether Defendants deprived Plaintiff of a constitutional right.

*1. Defendant Trammell*

Plaintiff claims that Defendant Trammell denied Plaintiff's requests for personal hygiene items over a five month period as retaliation for Plaintiff filing a grievance against him, in violation of Plaintiff's First Amendment rights. (Docket no. 1 ¶¶ 4, 5.) Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* (citations omitted). "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. . . . If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* at 399 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)).

a. Protected Conduct

Filing a grievance or a complaint is constitutionally protected conduct under the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Defendants do not contest this assertion. Therefore, the Court will assume that Plaintiff was engaged in protected conduct.

b.  Adverse Action

An action "capable of deterring a person of ordinary firmness from exercising the constitutional right in question" is an adverse action. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citation, internal quotation marks, and emphasis omitted). "[W]hile certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus-X*, 175 F.3d at 398. "Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (citations omitted). A plaintiff need not show "actual deterrence;" "[e]ven the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill*, 630 F.3d at 472.

Defendant Trammell argues that the "alleged denial of hygiene items is a *de minimus* action and insufficient to establish a retaliation claim." (Docket no. 23 at 10.) To support this argument, Defendant Trammell relies on *Sarah v. Thompson*, 109 F. App'x 770, 772 (6th Cir. 2004), in which the Sixth Circuit held that the plaintiff failed to meet his burden of establishing that the denial of his requests for ibuprofen on twelve different days within a month's time were sufficiently severe to deter a person of ordinary firmness from exercising his rights. Defendant Trammell asserts that if an alleged denial of medical care does not constitute an adverse action, then a less serious alleged denial of hygiene items also does not constitute an adverse action. (Docket no. 23 at 10.)

Plaintiff relies on *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) to support his position that Defendant Trammell's refusal to provide Plaintiff with hygiene items for five

6

months is not a de minimus action. (Docket no. 25 at 6.) In *Penrod*, the Tenth Circuit held that a prisoner's allegations that prison officials forced him to choose between hygiene items and the pursuit of grievances or legal actions, seized his legal materials, and transferred him into administrative segregation were sufficient to raise a genuine issue of material fact regarding whether Plaintiff's constitutional rights were violated. *Id*. at 1404-05. This particular holding in *Penrod* was cited and relied upon by the Sixth Circuit in *Bell*, 308 F.3d at 604-05, in holding that a retaliatory cell search and confiscation of a prisoner's legal papers and medical diet snacks are sufficient to satisfy the adverse action prong.

At the very least, the cases cited by both parties demonstrate that the determination of whether a plaintiff has suffered an adverse action is a fact-specific analysis dependent upon the context of and the allegations set forth in each case. Here, in drawing all justifiable inferences in the light most favorable to Plaintiff, the undersigned finds that Defendant Trammell's alleged denial of Plaintiff's requests for personal hygiene items for a five month period where Defendant Trammell allegedly knew that Plaintiff could not purchase them is not so de minimus or inconsequential that it does not give rise to a constitutionally cognizable injury. Indeed, a jury could infer that the denial of hygiene items like soap, toothbrushes, toothpaste, deodorant, and razors for a period of five months could deter a person of ordinary firmness from filing a grievance. Thus, a question of fact exists, precluding an entry of summary judgment in favor of Defendant Trammell.

        c.      <u>Motivating Factor</u>

"This element addresses whether [a defendant's] subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct." *Hill*, 630 F.3d at 475 (citation omitted). "If the prisoner can show that the

7

[defendant's] adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the [defendant] to show that [he] would have taken the same action even absent such protected conduct." *Id.* The Sixth Circuit has stated that a plaintiff must bring forth "some evidence of retaliatory motive" to survive a defendant's motion for summary judgment. *Id.* A plaintiff must therefore show material facts that support a retaliatory motive. *Id.* But a plaintiff need not bring forth direct evidence – "circumstantial evidence can suffice." *Id.* Circumstantial evidence can include "the disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action." *Id.* at 475-76 (citation omitted).

Here, Plaintiff alleges that after he told Defendant Trammell that he would file a grievance against Defendant Trammell for denying him a loan for first-class postage, Defendant Trammell told Plaintiff that filing a grievance would make things at the correctional facility difficult for Plaintiff. (Docket no. 1 ¶ 4.) Plaintiff also alleges temporal proximity by claiming that Defendant Trammell denied his requests for personal hygiene items for the five months following the filing of the postage-related grievance. (*Id.*) This direct and circumstantial evidence set forth by Plaintiff is sufficient to support a retaliatory motive on the part of Defendant Trammell.

Nevertheless, Defendant Trammell asserts that he would have denied Plaintiff's request for personal hygiene items even if Plaintiff had not filed the grievance against him. (Docket no. 23 at 11.) Defendant Trammell further asserts that Plaintiff was denied hygiene items for the legitimate penological purpose of following Michigan Department of Corrections (MDOC) policy and maintaining order. (*Id.*) In making this assertion, Defendant Trammell refers the Court to MDOC Policy Directive 05.03.118, "Prisoner Mail," and the Affidavit of Donald

Trammell, both filed as exhibits to his Motion for Summary Judgment. (*Id.*; docket no. 23-1; docket no. 23-3 at 1.) While the policy directive regarding prisoner mail may provide support for Defendant Trammell's alleged denial of a postage loan to Plaintiff, which is not an issue before the Court, it provides no support for Defendant Trammell's allegation that he was adhering to MDOC policy in denying Plaintiff's requests for hygiene items. Furthermore, Defendant Trammell only submitted the first page of his affidavit to the Court, and this page contains no statements in support of his assertion that he would have denied Plaintiff's requests for personal hygiene items despite the grievance.[3] Defendant Trammell has not met his burden of production in this regard, and is not entitled to summary judgment.

As discussed above, Plaintiff has sufficiently alleged a causal connection between his filing of a grievance against Defendant Trammell and Defendant Trammell's alleged five-month denial of hygiene items to Plaintiff. Whether Defendant Trammell's conduct amounts to an adverse action, however, is a question of fact for the jury. Accordingly, a genuine issue of material fact remains regarding whether a constitutional violation has occurred, which precludes summary judgment for Defendant Trammell in this matter.

Defendant Trammell asserts that even if his conduct amounts to a constitutional violation, he is entitled to qualified immunity because his actions were not objectively unreasonable in light of clearly established law. (Docket no. 23 at 14-16.) But Plaintiff's First Amendment right to be free from retaliation for filing grievances is clearly established, and it is clearly established that the denial of personal hygiene products to prisoners, taken in context, may be sufficient to state a claim under the Eighth Amendment. *See Thaddeus-X*, 175 F.3d at 394-95; *Flanory v. Bonn*, 604 F.3d 249 (6th Cir. 2010). If both of these rules are clearly established on an

---

[3] In his Response to Defendants' Motion, Plaintiff called attention to the missing page(s) of Defendant Trammell's affidavit (docket no. 25 at 7), yet Defendant Trammell did not correct this purported oversight.

independent basis, logically, they are clearly established on a dependent basis. Thus, the right to be free from the denial of hygiene products in retaliation for filing grievances is clearly established. And as discussed, Plaintiff has provided sufficient evidence to raise a question of fact with regard to whether Defendant Trammell violated that right. Accordingly, a question of fact also exists with regard to whether Defendants' conduct was objectively unreasonable. Defendant Trammell is not entitled to qualified immunity, and his Motion for Summary Judgment should be denied.

### 2. *Defendant Flanagan*

Plaintiff alleges that Defendant Flanagan prevented Plaintiff from purchasing personal hygiene items over a five-month period by instituting a practice and custom regarding the withdrawal of funds from his prison account, as further specified above. (Docket no. 1 ¶ 4.) Defendant Flanagan attests in her Motion and in an affidavit filed as an exhibit to her Motion that Plaintiff's allegation is false.[4] (Docket no. 23 at 11; docket no. 23-3 at 4-9.) Defendant Flanagan avers that Plaintiff was denied hygiene items because he was ineligible for indigent prisoner status during the relevant time period under MDOC Policy Directive 04.02.120, "Indigent Prisoners." Defendant Flanagan affirms that she did not have any role in approving indigency requests during that time period. She also contends that she did not institute any practice regarding Plaintiff but that she did, however, act in accordance with established MDOC policies and procedures, including Policy Directive 04.02.105, "Prisoner Funds," Paragraph W, Section 8, which provides, in relevant part:

> All new funds received by a prisoner shall be used to satisfy his/her debts as outlined in this policy except . . . [w]henever a prisoner . . . incurs another institutional debt, including a debt to the PBF [Prisoner Benefit Fund], 100% of the prisoner's positive account balance shall be collected initially even if this

---

[4] Defendant Flanagan also attests that Plaintiff's retaliatory transfer claim is without merit (docket no. 23 at 12-13); however, Plaintiff has not set forth such a claim in his Complaint.

10

would leave the prisoner with less than $10 available during the month for other personal use.

Plaintiff's claim against Defendant Flanagan is substantially similar to the language of the above-stated policy. In essence, Plaintiff claims that Defendant Flanagan instituted this policy against him, which ultimately prevented him from purchasing personal hygiene items. Plaintiff, however, fails to support this claim with any evidence that Defendant Flanagan was involved in drafting and/or approving the policy, and the Court finds none. Plaintiff has failed to allege the requisite personal involvement of Defendant Flanagan in this matter; hence, Plaintiff's claim against Defendant Flanagan fails in this regard.

Even if the Court were to construe Plaintiff's claim liberally as a challenge to (1) the constitutionality of Policy Directive 04.02.105(W)(8) and (2) Defendant Flanagan's enforcement of the unconstitutional policy, Plaintiff's claim would still fail. To prevail on a claim that the Policy Directive is unconstitutional on its face, Plaintiff "must establish that no set of circumstances exists under which the [challenged policies] would be valid." *Earls v. Mich. Dept. of Corr.*, No. 2:10-CV-141, 2012 WL 1032734, at *3 (W.D. Mich. Mar. 27, 2012) (quoting *U.S. v. Salerno*, 481 U.S. 739, 745 (1987)). Plaintiff has not done so; notably, Plaintiff has not set forth any allegations regarding how or why the policy is unconstitutional on its face or as applied to him. Plaintiff fails to state a Section 1983 claim that Defendant Flanagan instituted or enforced an unconstitutional policy. In other words, Plaintiff has failed to show that a constitutional violation has occurred. Accordingly, Defendant Flanagan is entitled to qualified immunity, and her Motion for Summary Judgment should be granted.

**D.     Conclusion**

For the above-stated reasons, it is recommended that the Court **DENY** Defendants' Motion for Summary Judgment (docket no. 23) with regard to Defendant Trammell and **GRANT** Defendants' Motion with regard to Defendant Flanagan.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 28, 2015         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Charles Fields and counsel of record on this date.

Dated: July 28, 2015         s/ Lisa C. Bartlett
                             Case Manager